IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GRANVILLE ALLEY AND KAREN | : | |
| JOHNSON N/K/A KAREN ALLEY | : | |
| | : | |
| Plaintiffs, | : | CASE NO. |
| v. | : | 3:13-CV-146 (CAR) |
| | : | |
| THE FARMERS BANK, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiffs filed this action asserting claims against Defendant The Farmers Bank ("the Bank") for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), and various state law claims including breach of contract, breach of the Georgia covenant of good faith and fair dealing, violation of the Georgia Residential Mortgage Fraud Act, negligent and intentional infliction of emotional distress, and injury to credit.  Plaintiffs seek damages for injuries they allegedly suffered as a result of the Bank's alleged failure to investigate or reasonably investigate and correct discrepancies in their credit report.  Currently before the Court is the Bank's Motion to Dismiss the Complaint.

Having considered the Complaint, the applicable law, and the Motion and responses thereto, the Court hereby **GRANTS in part** and **DENIES in part** the Bank's

Motion to Dismiss [Doc. 5].   The Motion is **GRANTED** as to Plaintiffs' state law claims alleged in Counts III through X of their Complaint, and consequently, those claims are hereby **DISMISSED**.  The Motion is **DENIED** as to Plaintiffs' claim for violation of the FCRA alleged in Count I of the Complaint.  The Court reserves ruling on Plaintiffs' claim for breach of contract alleged in Count II of their Complaint, and the parties are hereby **DIRECTED** to file briefs addressing whether this claim is preempted by the FCRA within fourteen (14) days of the date of this Order.

## BACKGROUND

For purposes of the Motion, the Court accepts all factual allegations in Plaintiffs' Complaint as true and construes them in the light most favorable to Plaintiffs.

On or about December 7, 2007, Plaintiffs executed and delivered a promissory note in the original principal amount of $694,024.91 ("Note 1") to purchase their home in Greensboro, Georgia, and to refinance a residential lake lot on Lake Oconee. Plaintiffs executed a deed to secure debt and security agreement granting the Bank a security interest in both their home and the lake lot.  Approximately one and a half years later, in February and May 2009, Plaintiffs fell behind on payments due under Note 1.

In 2009, the Bank and Plaintiffs entered into a modification and renewal of Note 1 secured under the same security deed ("Note 2").  Approximately two years later, in May, June, and July 2011, Plaintiffs again failed to make timely payments.  Thus, on

August 1, 2011, the Bank and Plaintiffs entered into another renewal of the mortgage loan on their home ("Note 3").  As part of the agreement, Plaintiffs agreed to a friendly foreclosure sale of the lake lot for the amount of $290,000.00 to be applied to the outstanding mortgage debt.

For three and a half years, during the dates Notes 1 and 2 were in effect from December 2007 through July 2011, the Bank reported Plaintiffs' mortgage history to Equifax, a credit reporting agency, including the amount of the Notes, the date the Notes were opened, the balance due on the Notes, and any late payments made on the Notes.  At some point, however, Plaintiffs discovered that The Bank stopped reporting their mortgage history after they executed Note 3 in August 2011.  Thus, Plaintiffs' credit reports do not reflect their perfect payment records from August 2011 onward.

In September 2012, Plaintiffs contacted Equifax and complained about their inaccurate credit history regarding Note 3.  Thereafter, Equifax sent an inquiry to the Bank regarding Plaintiffs' complaint.  The Bank responded to the inquiry stating that it was reporting accurately and that it was reporting all required information under the FCRA.  In September or October 2012, Plaintiffs met with one of the Bank's loan officers at least three times and demanded that the Bank recommence reporting their mortgage to the credit reporting agencies.  The loan officer advised that the Bank would not do so. Plaintiffs presented the loan officer with information showing the Bank could, in fact,

report the mortgage history to the credit reporting agencies, but the Bank refused to report the mortgage.

In late 2012 or early 2013, Plaintiffs approached Wells Fargo in an attempt to refinance their home.  A Wells Fargo loan officer told Plaintiffs their credit score needed to be 640 or higher in order to refinance and informed Plaintiffs their score fell short due to the lack of mortgage payment history since 2011.

In April and May 2013, as Note 3 neared maturity, the Bank informed Plaintiffs that it did not intend to renew the mortgage unless Plaintiffs made a principal down payment of $35,000.00.  Plaintiffs continued to plead for the Bank to accurately report their mortgage history, but it refused.  Plaintiffs were unable to pay the $35,000.00; therefore, they were unable to meet the credit score threshold to refinance at another bank and save their home. Note 3 matured, and the Bank foreclosed on Plaintiffs' home.

Plaintiffs brought this action asserting one count for violation of the FCRA, 15 U.S.C. § 1618s-2(b), and nine counts for various violations of Georgia laws.  The Bank then filed the instant Motion seeking to dismiss Plaintiffs' Complaint in its entirety.

## STANDARD OF REVIEW

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1]  To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain specific factual matter, accepted as true,

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009)

to 'state a claim to relief that is plausible on its face.'"[2]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the Bank is liable for the misconduct alleged."[3]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] Factual allegations must be enough to raise a right to relief above the speculative level.[6]

**DISCUSSION**

### I.   FCRA Claim

Plaintiffs allege the Bank, as a furnisher of credit information, violated the FCRA by (1) ceasing to report Plaintiffs' mortgage to the credit reporting agencies[7] in 2011, and (2) either failing to conduct an investigation as to the disputed information or wrongfully concluding that the information was accurate and complete.  The Bank moves to dismiss the FCRA claim, arguing it had no duty to report the dispute under

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] *Twombly*, 550 U.S. at 556
[5] *Id*. at 545.
[6] *Id*.
[7] The big three credit reporting agencies are Experian, Equifax, and TransUnion.

the FCRA.  Alternatively, the Bank argues Plaintiffs' FCRA claim fails to state a claim upon which relief may be granted.  The Court is unpersuaded by the Bank's arguments and finds Plaintiffs' FCRA claim may proceed.

Congress passed the FCRA to protect "consumers from having inaccurate information about their credit status circulated in order to protect their reputation."[8] Under the FCRA, when a debtor disputes the completeness or accuracy of a credit report with a credit reporting agency ("CRA"), the CRA must promptly notify the furnisher of information of the dispute.[9]  Upon receiving notice of a dispute, the furnisher of information has an affirmative duty to conduct an investigation with respect to the disputed information.[10]  If the investigation finds that any information is incomplete or inaccurate, the furnisher must report those results to all CRAs possessing that incomplete or inaccurate information.[11]

Thus, to support a FCRA claim against a furnisher of information, a private plaintiff must allege that the furnisher, after receiving proper written notice of a dispute regarding the completeness or accuracy of information provided by a person to a consumer reporting agency, did one of the following: (1) failed to conduct an investigation with respect to the disputed information; (2) failed to review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of the

---

[8] *Pinckney v. SLM Financial Corp.*, 433 F. Supp. 2d 1316, 1319 (N.D. GA 2005).
[9] 15 U.S.C. § 1681i(a)(2).
[10] 15 U.S.C. § § 1681s2(b)(1)((A)-(C)).
[11] 15 U.S.C. § 1681s-2(b)(1)(D).

FCRA; (3) failed to report the results of the investigation to the CRA; or (4) if an item of information disputed by a consumer is found to be inaccurate, incomplete, or cannot be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information.[12]

Plaintiffs have alleged sufficient factual allegations to meet the threshold *Twombly/Iqbal* pleading requirements to support a claim under § 1681s-2(b).  According to the Complaint, the Bank began reporting Plaintiffs' mortgage history to the CRAs with Note 1 when Plaintiffs first bought their home in 2007.  The Bank continued to report Plaintiffs' mortgage history with Note 2 and then ceased reporting the mortgage history on the same home in 2011, when Plaintiffs renewed the mortgage with Note 3. Plaintiffs notified Equifax of the disputed omission of their mortgage from their credit report.  Equifax, in turn, notified the Bank of the dispute, thereby triggering the Bank's duty to investigate the disputed information.  Plaintiffs met with the Bank's representative at least three times and presented information to the Bank regarding its misleading omission, but the Bank failed to investigate or unreasonably investigated its omission and refused to report the mortgage to the CRAs.  The Bank's failure to report the mortgage damaged Plaintiffs' credit score, which ultimately resulted in the loss of their home.

---

[12] *See* 15 U.S.C. § 1681s-2b

The rules of pleading "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."[13]  Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which its rests."[14]  Plaintiffs have satisfied these pleading requirements.

The Court also finds unpersuasive the Bank's argument that Counts V through X must be dismissed because the FCRA imposes no affirmative duty to furnish information, and thus, the Bank had no duty to report Plaintiffs' mortgage history regarding Note 3.  The Bank contends the FCRA provides that <u>if</u> a bank chooses to furnish information, then the information must be accurate and complete; failing to report information is not actionable under the FCRA.

Plaintiffs, however, do not allege that the Bank failed to report their mortgage history in its entirety.  Instead, Plaintiffs' allegations support a finding that the Bank provided <u>incomplete</u> information regarding Plaintiffs' mortgage history. Plaintiffs allege the Bank consistently reported Plaintiffs' mortgage history on Notes 1 and 2 to the CRAs for more than three years and then ceased reporting on Note 3.  The Notes all concerned the same mortgage on Plaintiffs' home.  Thus, a plausible finding is that the Bank failed to provide the CRAs with complete information regarding Plaintiffs' mortgage.

---

[13] *Twombly*, 550 U.S. at 570.
[14] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, the Bank provides no legal authority for their proposition, and this Court has found no such authority on its own.  The Eleventh Circuit has yet to address whether a furnisher's decision to omit information it submits to a CRA constitutes a failure to report accurate or complete information in violation of the FCRA.  However, other circuit courts have found that furnishers of information may be liable for omissions when the omission is patently incorrect or creates a materially misleading impression.[15]  Because the Bank consistently reported Plaintiffs' mortgage history regarding the same property—Plaintiffs' home—for over three years on Notes 1 and 2, the failure to report the existence and payment history of Plaintiffs' mortgage on Note 3 from 2011 forward could plausibly constitute a material misrepresentation that directly damaged Plaintiffs.  The Court will not decide as a matter of law at this early stage of the proceedings whether the Bank's failure to report a mortgage that it had previously reported for over three years constitutes a breach of its duty to correct incomplete or inaccurate information under the FCRA.  Indeed, this question may be an issue of fact for the factfinder to determine.  Thus, Plaintiffs' FCRA claim may proceed.

## II.    <u>State Law Claims</u>

Plaintiffs bring the following state law claims against the Bank: Count II – Breach of Contract; Count III – Breach of the Georgia Covenant of Good Faith and Fair Dealing;

---

[15] *See Saunders v. Branch Banking & Trust Co.,* 526 F.3d 142, 148 (4th Cir. 2008); *Gorman v. Wolpoff & Abramson, LLP,* 583 F.3d 1147, 1163 (9th Cir. 2009); *Sepulvado v. CSC Credit Servs., Inc.,* 158 F.3d 890, 895 (5th Cir. 1998).

Count IV – Negligence Per Se, Violation of the Georgia Residential Mortgage Fraud Act,

O.C.G.A. § 16-8-100 *et seq.*; Count V – Negligent and Intentional Infliction of Emotional

Distress; Count VI – Damages for Injury to Peace, Feelings or Happiness; Count VII –

Attorney's Fees; Count VIII – Injury to Credit; Count IX – Punitive and Exemplary

Damages; and Count X – Prejudgment Interest.  The Bank seeks to dismiss all of

Plaintiffs' claims, arguing Counts II through IV fail to state claims for relief and Counts

V through X are preempted by the FCRA.   As explained below, the Court finds all of

these claims must be dismissed except for the breach of contract claim in Count II.    The

Court will reserve ruling on the breach of contract claim to allow the parties to address

whether the FCRA preempts this claim.

### A.  Preemption of Counts V through X

The Bank first argues Counts V through X must be dismissed because they are

preempted by the FCRA.  At issue here are two different preemption provisions in the

FCRA—§ 1681h(e) and § 1681t(b)(1)(F).  The Bank contends § 1681t(b)(1)(F) preempts

Counts V through X.  Plaintiffs counter § 1681h(e) authorizes these claims because the

Bank's conduct was malicious and done with a willful intent to injure them.  As

explained in detail below, the Court agrees with the Bank and finds Counts V through X

fall within the complete preemption provision of § 1681t(b)(1)(f), not within the ambit of

state law claims authorized by § 1681(h)(e), and therefore they must be dismissed.

As originally enacted in 1970, the FCRA did not impose any duties on furnishers of information to CRAs.  As part of the original legislation, Congress enacted § 1681h(e), which is a limitation of liability provision generally barring a consumer's ability to bring defamation, invasion of privacy, and negligence actions.  This section, however, also provides an exception to the general bar if "the information provided was both false and also given with the malicious or willful intent to damage the consumer."[16] Section 1681(h)(e) specifically provides that,

> [n]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.[17]

Thus, under § 1681h(e), a private consumer may only maintain an action for defamation, invasion of privacy, or negligence if the false information was provided with willful or malicious intent to injure the consumer.  Plaintiffs contend Counts V through X are expressly authorized under this provision.

In 1996, Congress expanded the scope of the FCRA and imposed duties and regulations on entities like the Bank that furnish information to the CRAs.  As part of

---

[16] *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008) (per curiam).
[17] 15 U.S.C. § 1681h(e) (emphasis added).

the new subsection, Congress enacted § 1681t(b)(1)(F), a broadly-sweeping preemption

provision that has been called the "absolute immunity provision."[18]  It states:

> No requirement or prohibition may be imposed by the laws of any State –
> (1) with respect to any subject matter regulated under
> . . .
> (F) section 1681s-2 of this title, relating to the responsibilities of persons
> who furnish information to consumer reporting agencies.

Thus, under § 1681t(b)(1)(F), a private consumer may not bring claims arising under

state law that relate to subject matter regulated by § 1681s-2.  The Bank argues Counts V

through X fall expressly within this preemption provision and must be dismissed.

On its face, the 1996 "absolute immunity provision" appears to render the 1970

limited liability provision superfluous—at least with respect to the facts as alleged in

this case.  Thus, the question arises as to how broadly the absolute immunity applies

when furnishers of information like the Bank are challenged under state tort laws.  In

other words, the issue is whether the absolute immunity provision of § 1681t(b)(1)(F)

supersedes the limited liability allowed under § 1681h(e) for state law tort actions if

Plaintiffs can prove actual malice or willful intent to injure.  Unfortunately, no clear

answer exists because the Eleventh Circuit Court of Appeals has yet to address this

issue.  Thus, the issue of preemption under the FCRA remains unsettled in this Circuit.

Because the Eleventh Circuit Court of Appeals has yet to address the interplay

between § 1681h(e) and § 1681t(b)(1)(F), district courts throughout this Circuit have

---

[18] *See, e.g., Austin v. Certegy Payment Recovery Servs., Inc.*, No. 2:11-cv-401, 2014 WL 546819, *11 (N.D. Ala., Feb. 11, 2014) (citations omitted).

taken a variety of approaches in their attempts to reconcile a perceived conflict between the statutes.[19]  However, the "emerging view" is "that no conflict exists because of the limited scope of § 1681h(e)."[20]  The Fourth Circuit, Seventh Circuit, and Second Circuit, the only circuits that have addressed preemption under the FCRA, have also adopted this approach. [21]  The Court finds the reasoning of these courts persuasive and will analyze the alleged facts of this case pursuant to the "emerging view."

To determine whether state law claims fall within the authorization of § 1681h(e), the Court will undertake "a two-step inquiry.  First, we ask whether the claim falls within the scope of § 1681h(e), which includes only claims 'based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or part on the report.'" [22] Second, the Court must determine whether the "'malice or willful intent to injure' exception to the general bar against state law actions applies."[23]

---

[19] *See Spencer*, 831 F. Supp. 2d 1353 (detailing the three approaches courts have taken in attempting to resolve the perceived "conflict" between the statutes and citing cases for each view).  Indeed, courts dispute whether § 1681h(e) preserves any cause of action under state law against furnishers of information that are not CRAs or a user of information that has taken adverse action against a consumer. *See Spencer*, 831 F. Supp. 2d at 1361; *Sigler v. RBC Bank*, 712 F. Supp. 2d 1265 (M.D. Ala. 2010); *Schlueter v. BellSouth Telecomm.*, 770 F. Supp. 2d 1204, 1209 (N.D. Ala. 2010); *Austin*, 2014 WL 546819 at *11.
[20] *Id.* at 1361.
[21] *Ross v. F.D.I.C.*, 625 F.3d 808 (4th Cir. 2010); *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2nd Cir. 2011).
[22] *Ross*, 625 F.3d at 814.
[23] *Id.*

13

Here, Plaintiffs' claims as alleged do not fall within the scope of § 1681h(e).  The three sections covered by § 1681h(e)—1681g, 1681h and 1681m—apply only to CRAs and users of consumer reports.  Plaintiffs have not alleged the Bank qualifies as a CRA or as a user of consumer reports.  Moreover, Plaintiffs' claims do not fall within the final § 1681h(e) category—actions "based on information disclosed by a user or a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report"—because the Complaint contains no allegations that the Bank took any adverse action against Plaintiffs based on information disclosed by a user.  Thus, by its plain terms, § 1681h(e) does not apply here.  Plaintiffs have only alleged the Bank is a furnisher of information.  Section 1681h(e) does not concern a furnisher's duties of reporting and investigation; rather, Congress enacted § 1681t(b) to cover the duties of furnishers of information.  Because § 1681h(e) does not apply here, § 1681t(b)(1)(F) governs the question of preemption of Counts V through X.

"[F]or a claim to be preempted under § 1681t(b)(1)(F), two factors must be met: first the 'requirement or prohibition'—i.e., the legal duty giving rise to the claim—must be 'imposed under laws of any State,' and second the state law claim must relate to a 'subject matter regulated under … section 1681s-2.'"[24]  Plaintiffs' claims in Counts V through X fall squarely within this preemption provision.  These state law claims concern the Bank's alleged inaccurate reporting of credit information to CRAs, an area

---

[24] *Spencer*, 831 F. Supp. 2d at 1363 (quoting 15 U.S.C. § 1681t(b)(1)(F)).

regulated in great detail under § 1681s-2(a)-(b).  Because Plaintiffs seek to use these state laws as prohibitions under Georgia law concerning "subject matter regulated under section 1681s-2," the claims are preempted by the plain language of the FCRA and must be dismissed as such.[25]

### B.  Breach of Contract Claim

In Count II of their Complaint, Plaintiffs allege that the Bank "breached the mortgage contract with the Plaintiffs . . . by failing to abide by material and implied terms of the Note and Mortgage by failing to continue to accurately and completely transmit the mortgage history once they began reporting."[26]  The Bank argues this claim must be dismissed because neither Note 3 nor the Security Deed contains any provisions imposing a contractual duty on the Bank to report Plaintiffs' mortgage history to CRAs, and thus, the facts as alleged do not state a viable breach of contract claim under Georgia law.  Plaintiffs counter that they have adequately pled a claim for breach of contract because "[b]reach of the laws and standards governing the contract, such as the FCRA that governs accurate and complete reporting of a mortgage contract, is tantamount to a breach of the mortgage contract itself."[27]  The parties cite no legal authority to support their respective propositions, and the Bank fails to address Plaintiff's argument at all in its brief in reply.  It is not the province of this Court to

---

[25] 15 U.S.C. § 1681t(b)(1)(F).
[26] Compl. ¶ 61.
[27] Plaintiffs' Brief in Opposition to The Bank's Motion to Dismiss, pp. 16-17 [Doc. 9-1].

research and litigate arguments on behalf of the parties.  Thus, the Court will not address the merits of these arguments.

However, because § 1681t(b)(1)(F) also appears to preempt Plaintiffs' breach of contract claim as alleged in the Complaint, the Court raises, *sua sponte,* the question of whether the claim should be dismissed because it is preempted by the FCRA.  As explained above, § 1681t(b)(1)(F) only preempts claims where (1) the legal duty giving rise to the claim is imposed by state law, and (2) the claim is based on conduct regulated by § 1681s-2.  It is clear that a breach of contract claim based on an <u>express</u> agreement between the parties does not arise from a "requirement or prohibition . . . imposed under laws of any State" and therefore falls outside the preemption imposed by § 1681t(b)(1)(F).  The issue here, however, is whether a breach of contract claim based on an <u>implied</u> agreement, as Plaintiffs allege in this case, does arise from a legal duty imposed by state law and therefore falls within the preemption imposed by § 1681t(b)(1)(F).

Although the Eleventh Circuit has not addressed this issue, at least two district courts in this Circuit have concluded that the FCRA preempts breach of contract claims based on violations of implied agreements arising solely out of conduct allegedly violating § 1681s-2.[28]  The Court finds the reasoning in these cases to be sound.  Here,

---

[28] *Spencer*, 831 F. Supp. 2d at 1364-65 (finding plaintiff's breach of contract claim preempted to extent based on implied agreement arising solely out of conduct allegedly violating § 1681s-2; not preempted to extent based on allegations the Bank breached express agreement between the parties); *Carruthers v. Am.*

16

Plaintiffs' breach of contract claim is indisputably based on the Bank's alleged breach of underlined(implied) terms of the Note and Mortgage to continue to accurately and completely report Plaintiffs' mortgage history to the CRAs—conduct clearly regulated by § 1681s-2.[29]  Thus, even assuming such allegations state a claim for breach of contract, the Court is inclined to find such claim preempted by the FCRA.  However, because the parties have not addressed this issue, the Court hereby **DIRECTS** them to file briefs addressing this issue within fourteen (14) days of the date of this Order.

### C.  Implied Covenant of Good Faith and Fair Dealing

In Count III of their Complaint, Plaintiffs allege the Bank breached its implied duty to act in good faith and engage in fair dealing with Plaintiffs.  The Bank argues this claim must be dismissed because it fails to state a claim upon which relief may be granted.  The Court agrees.  Under Georgia law, "'[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.'"[30]  The covenant to perform in good faith, however, "is not an independent contract term.  It is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms *de facto* when performance is maintained *de jure*."[31]  Thus,

---

*Honda Fin. Corp.*, 717 F. Supp. 2d 1251, 1254-55 (N.D. Fla. 2010) (holding plaintiff's breach of contract claim alleging only violation of implied covenant of good faith and fair dealing was preempted).

[29] Compl. ¶ 61.

[30] *Gladstein v. Aurora Loan Servs., LLC*, No. 1:11-cv-02784, 2012 WL 3758160l at *4 (N.D. Ga. Aug. 2, 2012) (quoting *Brack v. Brownlee*, 246 Ga. 818, 820 (1980)).

[31] *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990) (emphasis added).

in order to state a claim for breach of the implied duty of good faith and fair dealing, a plaintiff must set forth facts showing a breach of an actual term of an agreement.

Here, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing must be dismissed because Plaintiffs do not allege the Bank breached any explicit term in the contracts.  Georgia law is clear that "general allegations concerning the breach of an implied duty of good faith and fair dealing not tied to a specific contract provision are not actionable." [32]  Thus, Plaintiffs' claim for breach of the covenant of good faith and fair dealing in Count II of their Complaint is hereby **DISMISSED**.

### D.  Violation of Georgia Residential Mortgage Fraud Act

Plaintiffs acknowledge the Georgia Residential Fraud Act does not provide a private right of action and concede Count IV of their Complaint must be **DISMISSED**.

### CONCLUSION

For the reasons explained above, the Bank's Motion to Dismiss [Doc. 5] is **GRANTED in part** and **DENIED in part**.  The Motion is **GRANTED** as to Plaintiffs' state law claims alleged in Counts III through X of their Complaint, and those claims are hereby **DISMISSED**.  The Motion is **DENIED** as to Plaintiffs' claim for violation of the FCRA in Count I of the Complaint.  The Court reserves ruling on Plaintiffs' claim for breach of contract in Count II of their Complaint, and the parties are hereby

---

[32] *Am. Casual Dining, L.P. v. Moe's S.W. Grill, LLC*, 426 F. Supp. 1356, 1370 (N.D. Ga. 2006) (citing *Alan's of Atlanta, Inc.*, 903 F.2d at 1429).

**DIRECTED** to file briefs within fourteen (14) days of the date of this Order addressing whether this claim is preempted by the FCRA.

      **SO ORDERED,** this 29th day of August, 2014.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH/bbp

19