IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GRANVILLE ALLEY AND KAREN JOHNSON n/k/a KAREN ALLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action File No.  3:13-cv-00146-CAR |
| THE FARMERS BANK, | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION FOR AMENDED ORDER

NOW COMES, The Farmers Bank, Defendant in the above-captioned action, by and through its attorneys and pursuant to Fed. R. App. P. 5(a)(3), and hereby files its Motion For Amended Order and shows the Court as follows:

On August 29, 2014, this Court entered its Order On Defendant's Motion To Dismiss ("Order") (Doc. 14).  In the Order, this Court granted in part and denied in part Defendant's Motion To Dismiss.  Specifically, this Court denied Defendant's Motion To Dismiss with respect to Count I of Plaintiffs' Complaint which alleged a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(b).  Defendant now desires to petition the Eleventh Circuit for an interlocutory appeal pursuant to 28 U.S.C. § 1292 and Fed. R. App. P. 5; therefore, Defendant files the instant motion seeking to have the Court amend the Order to state that the necessary conditions are met for Defendant to file a Petition For Permission To Appeal pursuant to Fed. R. App. P. 5(a).

## ARGUMENT AND CITATION OF AUTHORITY

28 U.S.C. § 1292(b) states,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation, he shall so state in writing.

"Three factors are relevant in deciding whether an order merits interlocutory review under §1292(b): (1) whether the case presents a 'controlling question of law'; (2) whether there is a 'substantial ground for difference of opinion'; and (3) whether the appeal will 'materially advance the ultimate termination of the litigation.'" Simpson v. Carolina Builders Corporation, 222 Fed.Appx. 924, 925 (11th Cir. 2007). "If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3).

In the instant case, all three factors set forth in §1292(b) are present. First, the case presents a "controlling question of law." Plaintiffs' FCRA claim hinges on the threshold determination of whether the FCRA requires a furnisher of information to continue reporting information to Credit Reporting Agencies ("CRAs") once the furnisher has commenced reporting information. Although it is clear that a furnisher is not required to report in the first instance, there is little or no authority regarding the question at issue here, which is whether a furnisher must continue to report once it starts. See Green v. RBS National Bank, 288 Fed. Appx. 641, 642 (11th Cir. 2008) (FCRA imposes only two duties on furnishers of information: first, that any information furnished be accurate and complete, and second, that it investigate and respond to disputes). This issue requires interpretation of the FCRA to determine whether

cessation of reporting constitutes a violation of §1681s-2(b).  Thus, this case presents a "controlling question of law."

Second, there is "substantial ground for difference of opinion."  Although this Court cites three cases from other circuits,[1] the issue in each of those cases is legally and factually distinguishable from the instant issue.  In each of the cited cases, the question was whether a furnisher's omission of the fact that a dispute existed from a submitted report constituted an "incomplete or inaccurate" report.  The cases cited in the Order make clear that the "FCRA requires furnishers to determine whether the information that they *previously reported* to a CRA is 'incomplete or inaccurate.'"  Saunders v. Branch Banking and Trust Company, 526 F.3d 142, 148 (4th Cir. 2008) (emphasis added).  Here, on the other hand, Plaintiffs do not allege that the information which was submitted by Defendant was incomplete or inaccurate.  Rather, their allegation is that Defendant stopped reporting altogether and that the cessation of reporting constitutes "incomplete" information and violates the FCRA.  Here, the question of law is whether the cessation of reporting violates the FCRA, which will be an issue of first impression for the Eleventh Circuit.

There are policy arguments against requiring a furnisher to report on a continuing basis once it chooses to report in the first instance.  Although reporting generally is encouraged and "the banking system is dependent on fair and accurate credit reporting," 15 U.S.C. 1681(a)(1), to require continuing and prospective reporting would place a heavy burden on furnishers and would be detrimental to commerce and ultimately to the consumer.  Knowing that it would be "locked-in" to having to report for an extended duration, a lender or other furnisher would be discouraged from reporting in the first place.  Imposing a continuing and prospective duty would

---

[1] The cases cited in the Order are Saunders v. Branch Banking and Trust Company, 526 F.3d 142, 148 (4th Cir. 2008), Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009), and Speulvado v. CSC Credit Services, Inc., 158 F.3d 890, 895 (5th Cir. 1998).

likely make commercial paper less desirable to acquire and more difficult to transfer, thereby restraining trade.  Furthermore, if such a duty is imposed by the FCRA, other thorny questions arise, such as:  When does the duty end?  Does the duty continue for the duration of the loan?  How is the duration of the loan measured?  Does the execution of a renewal note and new loan documentation with additional terms affect a furnisher's duty?  Does the duty extend to subsequent loans?  Does the duty attach to the loan or to the customer?  If a customer has multiple loans, is the furnisher required to report on all loans if it commences reporting on one loan?  What if the multiple loans are of a different character, i.e. the customer is the maker of a consumer loan but is the guarantor of a commercial loan?  These are just some of the questions that would have to be addressed if it is determined that the FCRA imposes a continuing duty to report.  As such, there is a substantial ground for difference of opinion as to whether the FCRA imposes such a duty.

Finally, an appeal of the Order will "materially advance the ultimate termination of the litigation."  This element means "that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."  McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).  Here, if the part of the Order sustaining the FCRA claim is reversed on appeal and the Eleventh Circuit determines that the cessation of reporting is not a violation of the FCRA, then Plaintiffs' lawsuit will be dismissed in its entirety, and the litigation will end.[2]  As such, the final element necessary for an interlocutory appeal is met.

## CONCLUSION

In this Motion, Defendant requests that this Court amend its Order to state that it "involves a controlling question of law as to which there is substantial ground for difference of

---

[2] Plaintiffs' breach of contract claim, which the Court has yet to rule on, likewise hinges on the viability of their FCRA claim and its allegations.

opinion and that an immediate appeal from the order may materially advance the termination of the litigation" in compliance with Fed. R. App. P. 5(a)(3).  Each of the three elements necessary to file a petition for an interlocutory appeal is met in this case.  For the reasons outlined herein, Defendant respectfully requests that the Court amend its Order so that Defendant may petition the Eleventh Circuit for an interlocutory appeal.  Finally, if the instant Motion is granted, Defendant further requests that the proceedings in this case be stayed pursuant to 28 U.S.C. § 1292(b) during the pendency of any decision on Defendant's Petition For Permission To Appeal and during the pendency of the appeal, should the petition be granted.

Respectfully submitted this 4th day of September, 2014.

|  |  |
|---|---|
|  | */s/ Brendan H. Parnell* |
|  | BRENDAN H. PARNELL |
| QUIRK & QUIRK, LLC | Georgia State Bar Number 564405 |
| 300 Century Springs West | KATHRYN E. BAIRD |
| 6000 Lake Forrest Drive, NW | Georgia State Bar Number 468709 |
| Atlanta, Georgia 30328 | Attorneys for Defendant |
| 404-252-1425 (telephone) |  |
| 404-671-9135 (facsimile) |  |
| bp@quirklaw.com |  |
| keb@quirklaw.com |  |

5

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GRANVILLE ALLEY AND KAREN JOHNSON n/k/a KAREN ALLEY, ) ) ) Plaintiffs, ) ) ) v. ) ) THE FARMERS BANK, ) ) Defendant. ) | Civil Action File No.  3:13-cv-00146-CAR |

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2014, I electronically filed ***Defendant's Motion For Amended Order*** with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to the following attorney of record for Plaintiffs:

Ben F. Windham, Esq.
1041 Village Park Drive, Suite 201
Greensboro, Georgia 30642


*/s/ Brendan H. Parnell*
BRENDAN H. PARNELL

QUIRK & QUIRK, LLC                 Georgia State Bar Number 564405
300 Century Springs West           KATHRYN E. BAIRD
6000 Lake Forrest Drive, NW        Georgia State Bar Number 468709
Atlanta, Georgia 30328             Attorneys for Defendant
404-252-1425 (telephone)
404-671-9135 (facsimile)
bp@quirklaw.com
keb@quirklaw.com