IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GRANVILLE ALLEY AND KAREN :
JOHNSON n/k/a KAREN ALLEY, :
                               :
        Plaintiffs,            :
                               :
v.                             :        3:13-CV-146 (CAR)
                               :
                               :
THE FARMERS BANK,              :
                               :
        Defendant.             :
_____ :

*ORDER ON DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER FOR
INTERLOCUTORY APPEAL*

Currently before the Court is Defendant The Farmers Bank's Motion for

Amended Order [Doc. 15] to allow Defendant to file a petition for an interlocutory

appeal of this Court's August 29, 2014 Order denying Defendant's Motion to Dismiss as

to Plaintiffs' claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

("FCRA") alleged in Count I of its Complaint.[1]   For the following reasons, Defendant's

Motion [Doc. 15] is **DENIED**.

The Court issued its Order denying Defendant's Motion to Dismiss on Plaintiff's

_____

[1] Order granting in part and denying in part Defendant's Motion to Dismiss, Doc. 14.  Plaintiffs
voluntarily withdrew their breach of contract claim alleged in Count II of their Complaint, and this Court
dismissed it. See Text Order on September 11, 2014.  Thus, the only claim remaining is the FCRA claim
alleged in Count I.

1

FCRA claim, finding that (1) Plaintiffs had pled enough facts sufficiently stating a FCRA claim, and (2) the Court would "not decide at this early stage of the proceedings whether the Bank's failure to report a mortgage that it had previously reported for over three years constitutes a breach of its duty to correct incomplete or inaccurate information under the FCRA."[2]  Thereafter, Defendant filed the current Motion seeking a certification for interlocutory appeal from this Court's Order on the issue of whether "the FCRA requires a furnisher of information to continue reporting information to Credit Reporting Agencies ("CRAs")."

The certification of interlocutory appeals from a district court to the court of appeals is governed by 28 U.S.C. § 1292(b).  By its terms, § 1292(b) authorizes an appeal of an interlocutory order only where (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the termination of the litigation."[3]  The Eleventh Circuit has characterized a § 1292(b) interlocutory appeal as a "rare exception" to the premise that the great bulk of appellate review must be

---

[2] Order on Defendant's Motion to Dismiss, p. 9 [Doc. 14].

[3] 28 U.S.C. § 1292(b); *see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that a litigant seeking § 1292(b) certification must satisfy all of these elements); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (describing these three criteria as the "core requirement" for § 1292(b) certification).

conducted after final judgment.[4]  As a result, § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation [,] where a question which would be dispositive of the litigation is raised[,] and there is serious doubt as to how it should be decided."[5]  "Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion."[6]

Here, the Court elects not to certify an interlocutory appeal at this time because an interlocutory appeal may not advance the ultimate termination of this litigation.  In fact, discovery is likely necessary before an ultimate decision can be made regarding whether Plaintiff can maintain his FCRA claim—either on summary judgment or by trial.  Indeed, "interlocutory appeals of denials of a motion to dismiss are less likely to advance the ultimate termination of litigation because the Court must assume that all the facts alleged in the complaint are true."[7]  In denying Defendant's pre-answer motion to dismiss, this Court merely held that accepting the facts alleged in the Complaint as

---

[4] *McFarlin*, 381 F.3d at 1359; *see also OFS Fitel*, 549 at 1359 (pointing out that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals").

[5] *McFarlin*, 381 F.3d at 1256.

[6] *U.S., ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1379 (N.D. Ga. 2010) (citations omitted).

[7] *Fabricant v. Sears Roebuck & co.*, 2001 WL 883303, at *2 (S.D. Fla. Jan. 29, 2001) (internal citations omitted).

true, Plaintiff has stated a FCRA claim. With the benefit of fact discovery, Defendants can re-raise these arguments on summary judgment, together with any new arguments, including those Defendant briefed in reply to Plaintiff's response to the motion for interlocutory appeal that this Court did not have a chance to reach on the original motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Amended Order [Doc. 15] to allow Defendant to file a petition for an interlocutory appeal to the Eleventh Circuit Court of Appeals is **DENIED**. The stay of discovery in this case is hereby **LIFTED**, and the parties are hereby **DIRECTED** to file a revised joint Proposed Scheduling and Discovery Order in this Court's required form[8] within fourteen (14) days of the date of this Order.

**SO ORDERED** this 23rd day of March, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

---

[8] See Rules 16/26 Order at Doc. 7.