IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GRANVILLE ALLEY AND KAREN JOHNSON n/k/a KAREN ALLEY, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 3:13-cv-00146 (CAR) |
| THE FARMERS BANK, | : : : | |
| Defendant. | : : | |

## PROPOSED SCHEDULING AND DISCOVERY ORDER

Pursuant to the Order entered by the Court on June 13, 2014 [Text entry only; no document issued], discovery in this action was stayed pending the Court's ruling on Defendant's Motion to Dismiss Plaintiffs' Complaint.  On August 29, 2014, the Court entered an Order [Doc. 14], granting in part and denying in part Defendant's Motion to Dismiss, and on September 4, 2014, Defendant filed a Motion for Amended Order [Doc. 15], seeking to certify the Court's Order [Doc. 14] for interlocutory appeal.  On September 11, 2014, the Court entered an Order [Text entry only; no document issued] continuing the stay of discovery until its ruling on Defendant's request for an interlocutory appeal.  On March 23, 2015, the Court entered an Order On Defendant's Motion To Certify The Court's Order For

Interlocutory Appeal [Doc. 23], denying Defendant's Motion and lifting the stay of discovery.

In accordance with the Court's Rules 16 and 26 Order dated April 3, 2014, the parties to this action conferred and jointly developed a scheduling order and discovery plan containing deadlines and limitations as follows:

## I.    Nature of the Case:

On December 30, 2013, Plaintiffs Granville Alley and Karen Johnson n/k/a Karen Alley (hereinafter collectively, "Plaintiffs") filed a Complaint, asserting one count for violation of 15 U.S.C. § 1681s-2(b) of the Fair Credit Report Act (hereinafter the "FCRA") and nine counts for various state law claims.  On March 24, 2014, Defendant The Farmers Bank (hereinafter "Defendant" or "Farmers") filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim.[1]  Defendant's Motion to Dismiss has been fully adjudicated, and the only claim that remains is Plaintiffs' FCRA claim.[2]

---

[1] On January 24, 2014, Farmers filed a Waiver of Service pursuant to Fed.R.Civ.P. 4(d).  As such, Farmers had until March 25, 2014 to file a responsive pleading.  Fed.R.Civ.P. 4(d)(3).

[2] On August 29, 2014, the Court entered its Order [Doc. 14] on Defendant's Motion to Dismiss, granting Defendants' Motion as to the state law claims asserted in Counts III through X of Plaintiffs' Complaint and denying Defendant's Motion as to the FCRA claim asserted in Count I of Plaintiffs' Complaint.  As to state law breach of contract claim asserted in Count II of Plaintiffs' Complaint, the Court reserved ruling and directed the Parties to file briefs addressing whether such claim is preempted by the FCRA.  On September 10, 2014, Plaintiffs filed their Response to Defendant's Motion to Dismiss as to Plaintiffs' Claim for Breach of Contract [Doc. 16], voluntarily withdrawing and dismissing their claim for breach of contract.

Plaintiffs contend that Farmers violated the FCRA by refusing to report Plaintiffs' payment history on a renewal loan after Farmers had a history of reporting Plaintiffs' payment history on the two related antecedent loans because they were all secured by the same security deed. Plaintiffs contend that Farmers' decision not to report the loan during the third promissory note period under the same security deed created an inaccurate credit report and a materially misleading impression of Plaintiffs' credit. Plaintiffs claim that the absence of any loan or payment history on the renewal loan lowered their credit scores and prevented them from refinancing and ultimately resulted in the foreclosure of their home.

Farmers maintains that it had no duty under the FCRA to report to Credit Reporting Agencies (hereinafter "CRAs") on the renewal loan, and that even if it did, Farmers complied with such duty to report and the duty to investigate disputes and correct inaccurate information, as required by the FCRA.

Thus, the threshold issue before the Court is whether the FCRA imposes a duty on a furnisher of information to CRAs, such as Farmers, to report on a renewal loan if the furnisher has a history of reporting on the related antecedent loan secured by the same security deed. In other words, the question is whether a furnisher's cessation of reporting to CRAs on the

renewal loan constitutes reporting "incomplete" information and creates a materially misleading impression of Plaintiffs' credit and thereby violates the FCRA.  This is a question of first impression in the Eleventh Circuit.

## II.    Counsel of Record:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiffs:**

Ben F. Windham, Esq.
Ben F. Windham, P.C.
3838 Highway 42
Locust Grove, Georgia 30248
T: (678) 565 8686
F: (678) 565-8949
ben@windhamlaw.com

**For Defendant:**

Brendan H. Parnell, Esq.
Quirk & Quirk, LLC
6000 Lake Forrest Drive, NW
300 Century Springs West
Atlanta, Georgia 30328
T: (404) 252-1425
F: (404) 671-9135
bp@quirklaw.com

## III.   Complaint and Answer Filing Dates:

**Complaint was filed:**     December 30, 2013

**Answer was filed:**  September 12, 2014

4

**Stay of Discovery Lifted:** March 23, 2015 (hereinafter the "Discovery Start Date")[3]

## IV. Discovery Deadlines:

### A. Time for Discovery

The time for discovery in this case shall expire September 19, 2015, that being no more than **six (6) months** after the Discovery Start Date.

In the event that one or all parties believe that a greater time for discovery is needed, the party or parties will file a written motion for extension of time, accompanied by a proposed order for the Court, wherein good cause will be shown for the requested extension.

### B. Witnesses to be Deposed

**For Plaintiffs:**

(1) Sidney Lane
   Address: c/o Brendan Parnell, Esq.
   Proposed date, time, and place:  To be determined.  Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Defendant's Counsel.

(2) Daniel Reddick
   Address: c/o Brendan Parnell, Esq.
   Proposed date, time, and place:  To be determined.  Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Defendant's Counsel.

(3) Alex James Oliver
   Address: c/o Brendan Parnell, Esq.
   current unknown c/o Wells Fargo Bank
   Proposed date, time, and place:  To be determined.  Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Defendant's Counsel.

---

[3] Discovery in this case was stayed until the Court entered its Order denying Farmers' request for interlocutory appeal [Doc. 23] on March 23, 2015.  Thus, that date is used as the start date for the discovery period and the calculation of all deadlines set forth herein.

(4) Farmers Bank
Address: c/o Brendan Parnell, Esq.
Proposed date, time, and place: To be determined. Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Defendant's Counsel.

**For Defendant:**

(1) Granville Alley
Address: c/o Ben Windham, Esq.
Proposed date, time, and place: To be determined. Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Plaintiffs' Counsel.

(2) Karen Alley
Address: c/o Ben Windham, Esq.
Proposed date, time, and place: To be determined. Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Plaintiffs' Counsel.

(3) Employee of Wells Fargo (identity unknown at this time)
Address: Unknown
Proposed date, time, and place: To be determined. Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Plaintiffs' Counsel.

(4) Employee(s) of Equifax (identities unknown at this time)
Address: Unknown
Proposed date, time, and place: To be determined. Deposition is anticipated to occur within ninety (90) days of the Discovery Start Date, at the offices of Plaintiffs' Counsel.

C.  **Expert Witnesses**

   1.  **Designation of Experts**

       Any party who desires to use the testimony of an expert witness will be required to designate the expert according to the following schedule:

Plaintiffs must disclose the identity of any expert witness on or before June 21, 2015, that being no more than ninety (90) days after the Discovery Start Date.

Defendant must thereafter disclose the identity of any expert witnesses that may testify on or before July 21, 2015, that being no more than 120 days after the Discovery Start Date.

In the event Defendant designates an expert where Plaintiffs have not previously designated an expert, Plaintiffs shall have an additional thirty (30) days to designate a rebuttal expert.

**2.   Expert Reports**

Any disclosure or designation of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).  Any supplemental expert reports must be served at least 30 days prior to any trial in this case.

**3.   <u>Daubert</u> Motions**

Any <u>Daubert</u> Motions must be filed on or before November 3, 2015, that being no more than 45 days after expiration of discovery in this case.

**D.   Discovery Limitations or Need for Protective Order**

None at this time.

**E.   Motions to Compel Discovery**

While written motions to compel discovery may be properly filed, the Court requests that the parties initially refrain from filing such motions, and instead contact Lee Anne Purvis, Courtroom Deputy (478-752-0739) to schedule a telephone conference to discuss any discovery issues.

### F. Estimated Cost of Discovery

#### For Plaintiffs:

At this time, the estimated cost for Plaintiffs' discovery is $25,000.00, including attorneys' fees.

#### For Defendant:

At this time, the estimated cost of Defendant's discovery is approximately $25,000.00, including attorneys' fees.

## V. Time for Filing Motions:

### A. Motions to Amend the Pleadings or to Join Parties

All Motions seeking to amend the pleadings or to join parties or claims to the current action shall be filed as soon as the need becomes apparent.

### B. Dispositive Motions

The parties agree that all Dispositive Motions will be filed no later than November 3, 2015, that being no more than 45 days after the expiration of discovery in this case.

In the event one or all parties would like to request oral argument on a pending Motion for Summary Judgment, a separate motion requesting oral argument will be filed in accordance with Local Rule 7.5.

## VI. Certification of the Parties:

The parties certify by their signatures below that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

*[Signatures on following page]*

*[Signatures from previous page]*

This 6th day of April, 2015.


| | |
|---|---|
| */s/ Ben F. Windham* | */s/ Brendan H. Parnell* |
| BEN F. WINDHAM | BRENDAN H. PARNELL |
| Georgia State Bar Number 770195 | Georgia State Bar Number 564405 |
| Attorney for Plaintiffs | KATHRYN E. BAIRD |
| | Georgia State Bar Number 468709 |
| | Attorneys for Defendant |

*****

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED**, this 13th day of April, 2015.

S/ C. Ashley Royal<br>
JUDGE C. ASHLEY ROYAL<br>
United States District Judge